*874 OPINION OF THE COURT
David B. Saxe, J.
In this foreclosure action, the Board of Managers of the Seaport South Condominium (the Condominium) seeks to foreclose a lien for common charges and other alleged fees and expenses against the defendant 130 Water Street Associates, L.P. (Associates). Associates now seeks a preliminary injunction, compelling the Condominium to notify commercial tenants of the Condominium to continue to make rental payments to Associates, compelling plaintiff to turn over any such rental payments already received from any commercial tenants, and restraining the plaintiff from contacting or interfering with these commercial tenants.
The building, located at 79 Pine Street, also known as 130 Water Street, contains more than 100 residential units as well as commercial space on the ground floor and basement, which is a separate commercial condominium unit. Associates is the fee owner of this commercial condominium unit. Associates in turn leases the space pursuant to six leases with six separate commercial tenants.
It is alleged by the Condominium that beginning August 1990 Associates has failed to pay monthly common charges assessed at $2,160.97, and in addition has failed to pay for fuel for a separate boiler used by one of the commercial lessees, and for late charges. A notice of lien was recorded on February 19, 1991, and a notice of default was served on February 26, 1991.
Thereafter, in reliance on newly enacted subdivision (2-d) of General Business Law § 352-e (eff July 23, 1991), on November 26, 1991 the Condominium sent to each of the commercial tenants a letter notifying them of Associates’ default and demanding that all future rent payments be made payable directly to the Condominium.
Associates contends that the relied-upon statute is inapplicable in the present case and that, therefore, the Condominium is not entitled to direct Associates’ tenants to pay their rent directly to the Condominium.
The statute at issue provides in part that "If maintenance payments, common charges or other fees due from the non-occupying owner have not been paid in full, the * * * condominium board of managers shall provide written notice within forty-five days after the earliest due date to the non-purchasing tenant and the non-occupying owner providing that, com *875 mencing immediately and until such time as payments are made current, all rental payments due are to be made payable to the * * * condominium association” (General Business Law § 352-e [2-d] [c]). The above-quoted language appears to apply to the circumstances presented; however, as the defendant points out, the relevant definitions limit its application to owners and tenants of residential units, and do not cover commercial units.
Subdivision (a) defines a " '[n]on-occupying owner’ ” as "the owner of a unit in a condominium who does not reside in the unit, when the unit is occupied by a non-purchasing tenant” (emphasis added). The definition of "non-purchasing tenant” is contained in General Business Law § 352-eee (1) (e) and § 352-eeee (1) (e): "[a] person who has not purchased under the plan and who is a tenant entitled to possession at the time the plan is declared effective or a person to whom a dwelling unit is rented subsequent to the effective date. ” (Emphasis added.)
I conclude that the Condominium could not properly rely on subdivision (2-d) of General Business Law § 352-e to send notices to Associates’ tenants demanding that their rent be paid directly to the Condominium.
Nor is support for the Condominium’s action provided by the conversion plan’s provision giving the board of managers "the same rights and remedies against the Sponsor [or its designee, as owner of the commercial unit] as against any other defaulting unit owner” if the common charges are not paid.
Even if Associates were the Sponsor or its designee, since its commercial tenants are not the type of tenants to whom notice may be sent under subdivision (2-d), that plan provision cannot render the statute available in this situation.
Since the Condominium had no right to proceed in the manner it did, Associates’ motion for an injunction against this procedure is granted in all respects.
In its opposition to Associates’ motion, the Condominium has made application for use and occupancy, and given the established fact that since August 1990 Associates has not paid either basic common charges or the additional charges for fuel, late fees, interest and attorneys’ fees, an order directing use and occupancy should be entered. However, *876 given the parties’ disputes, the issue of the appropriate amount of use and occupancy must be decided following a hearing before a Special Referee, to hear and report (with recommendations). Upon receipt of the report and a motion pursuant to CPLR 4403, such amount will be ordered.